IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC BANKS | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| COLOPLAST CORP. | : | NO. |
| | : | |
| Defendant | : | |

## NOTICE OF REMOVAL

Please take notice that defendant Coloplast Corp. ("defendant") by its attorneys, hereby removes this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to this Court on the following grounds:

1.     Plaintiff commenced this action against Coloplast Corp. by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Philadelphia County, Pennsylvania on or about June 2, 2010. A true and correct copy of plaintiff's Civil Cover Sheet and Praecipe for Writ of Summons is attached collectively hereto as Exhibit "A."

2.     The Civil Cover Sheet filed with plaintiff's Praecipe for Writ of Summons on or about June 2, 2010, declares that the amount in controversy in the instant case exceeds $50,000.00. See Exhibit "A."

3.     On or about July 8, 2010, plaintiff filed his complaint with the Court. A true and correct copy of plaintiff's complaint is attached hereto as Exhibit "B."

4.     According to the complaint at paragraph 1, plaintiff is an adult individual residing at 959 Fillmore Street, Philadelphia, PA. See Exhibit "B."

5.      Defendant Coloplast Corp. is a corporation organized and existing under the laws of Delaware, with its principal place of business in Minneapolis, Minnesota.

6.      There is complete diversity of citizenship between the parties.

7.      In his complaint, plaintiff alleged that he suffered damages in excess of $50,000.00. See Exhibit "B." Plaintiff's statement of alleged damages in excess of $50,000.00 was insufficient to inform defendant that the amount in controversy is in excess of the jurisdictional threshold of this court.

8.      On or about August 23, 2010, plaintiff filed an amended complaint with the court. A true and correct copy of plaintiff's amended complaint is attached hereto as Exhibit "C."

9.      In his amended complaint, plaintiff again alleges that he suffered damages in excess of $50,000.00. See Exhibit "C." Plaintiff's statement of alleged damages in excess of $50,000.00 was again insufficient to inform defendant that the amount in controversy is in excess of the jurisdictional threshold of this court.

10.     A Case Management Conference was held on August 27, 2010. In plaintiff's Case Management Conference Memorandum, plaintiff made a settlement demand of $100,000.00. A true and correct copy of plaintiff's Case Management Conference Memorandum is attached hereto as Exhibit "D."

11.     At the Case Management Conference held on August 27, 2010, during a conversation with counsel for defendant, counsel for plaintiff agreed to stipulate that the damages sustained by plaintiff did not exceed $75,000.00.

12.     As evidenced by the correspondence attached hereto as Exhibit "E," counsel for defendant contacted counsel for plaintiff on September 7, 2010, enclosing a stipulation that the

amount of damages recoverable herein would not exceed the sum of $75,000.00, exclusive of interest and costs.

13.     As evidenced by the correspondence attached hereto as Exhibit "F," counsel for plaintiff declined to enter into the proposed stipulation.  As such, while defendant does not believe plaintiff is entitled to damages in any amount, it is believed, and therefore averred, that the amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

14.     Regardless of whether defendant is deemed to have been on notice that the amount in controversy is in excess of this court's jurisdictional threshold on receipt of the Case Management Memorandum or as of counsel's refusal to execute the stipulation, this removal is filed within 30 days of notice and is therefore timely.

15.     This is an action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  This court would therefore have had original jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1).

16.     Because this court would have had original jurisdiction had the case been commenced herein, the case is removable pursuant to 28 U.S.C. §§ 1441 and 1446.

17.     Upon the filing of this Notice of Removal, defendant will file a certified copy thereof with the Prothonotary of the Court of Common Pleas of Philadelphia County and provide written notice to plaintiff.

18.     Copies of all pleadings received by the defendant to date are attached hereto as Exhibits "A" through "C."

WHEREFORE, Defendant, Coloplast Corp., respectfully requests that this action be removed to this court and proceed further as though originally commenced herein.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
Jonathan Dryer, Esquire
Attorney I.D. Nos. 34496
Independence Square West
The Curtis Center, Suite 1130E
Philadelphia, PA 19106
215-627-6900
215-627-2665 fax
jonathan.dryer@wilsonelser.com
Attorneys for Defendant
Coloplast Corp.

Dated: September 27, 2010

446851.1

## CERTIFICATE OF SERVICE

I, Jonathan Dryer, Esquire, hereby certify that a true and correct copy of the foregoing

Notice of Removal has been served via first-class mail, postage prepaid, upon counsel of record

as addressed below:

John M. Franklin, Esquire
10 Canal Street, Suite 204
Bristol, PA  19007

Jonathan Dryer, Esquire

Dated: September 27, 2010

446851.1

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MAY 2010**

E-Filing Number: 1006003752

**004290**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ERIC BANKS | COLOPLAST CORP. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 959 FILLMORE STREET<br>PHILADELPHIA PA 19124 | 1601 WEST RIVER ROAD NORTH<br>MINNEAPOLIS MN 55411 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☐ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☒ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

2P - PRODUCT LIABILITY

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| FILED<br>PRO PROTHY<br><br>JUN 02 2010<br><br>M. TIERNEY | YES      NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ERIC BANKS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JOHN M. FRANKLIN | 10 CANAL STREET<br>SUITE 204<br>BRISTOL PA 19007 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)781-9500 | (215)781-6500 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 88996 | JFranklin@Franklinlaw.us |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JOHN FRANKLIN | Wednesday, June 02, 2010, 01:06 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____ PHILADELPHIA _____ **County**

| For Prothonotary Use Only: |
| --- |
| Docket No: |
| Filed and Attested by<br>PROTHONOTARY<br>.02 ... 10 03 ... |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☐ Complaint      ☒ Writ of Summons      ☐ Petition      ☐ Notice of Appeal
- ☐ Transfer from Another Jurisdiction      ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
| --- | --- |
| ERIC BANKS | COLOPLAST CORP. |

☐ **Check here if you are a Self-Represented (Pro Se) Litigant**

Name of Plaintiff/Appellant's Attorney: JOHN M. FRANKLIN, ESQ.

Are money damages requested? : ☒ Yes   ☐ No

Dollar Amount Requested:
(Check one)     _____ within arbitration limits
                 XX outside arbitration limits

Is this a *Class Action Suit?*   ☐ Yes   ☒ No

**SECTION B**

**Nature of the Case:**   Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☒ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Zoning Board
- ☐ Statutory Appeal: Other

Judicial Appeals
- ☐ MDJ - Landlord/Tenant
- ☐ MDJ - Money Judgment
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin

- ☐ Other: _____

Case ID: 100504290

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

Eric Banks

v.

Coloplast Corp.

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Asociacion De Licenciados<br>De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

10-284

Case ID: 100504290

C.P. 97

# Commonwealth of Pennsylvania

SUMMONS
*CITACION*

## CITY AND COUNTY OF PHILADELPHIA

ERIC BANKS
959 Fillmore Street
Philadelphia, PA 19124

COURT OF COMMON PLEAS

_____JUNE_____ 0Term, 20 1 0

No. _____

*vs.*

COLOPLAST CORP.
1601 West River Road North
Minneapolis, MN 55411

To[1]

COLOPLAST CORP.

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante[2]*

ERIC BANKS

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



JOSEPH H. EVERS
*Prothonotary*



By _____

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

Date _____

Case ID: 100504290

10-208 (Rev. 6/00)

COURT OF COMMON PLEAS

_JUNE_ Term, 2010 No. _____

ERIC BANKS

vs.

COLOPLAST CORP.

SUMMONS

KASHKASHIAN & ASSOCIATES
JOHN M. FRANKLIN, ESQ.
ERIC CARROLL, ESQ.
The Canal Works
10 Canal Street, Ste 204
Bristol, PA 19007
215-781-9500

Case ID: 100504290

KASHKASHIAN & ASSOCIATES
JOHN M. FRANKLIN, ESQUIRE
ERIC CARROLL, ESQUIRE
Attorney I.D. No. 88996
Attorney I.D. No. 205959
The Canal Works
10 Canal Street, Suite 204
Bristol, Pennsylvania 19007
Phone:        (215) 781-9500
Facsimile:    (215) 781-6500

Attorney for Plaintiff

| | | |
|---|---|---|
| ERIC BANKS | : | COURT OF COMMON PLEAS |
| 959 Fillmore Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19124 | : | JUNE TERM, 2010 |
|       Plaintiff | : | NO. |
| v. | : | |
| COLOPLAST CORP. | : | |
| 1601 West River Road North | : | |
| Minneapolis, MN 55411 | : | |
|       Defendant | : | |

## PRAECIPE WRIT SUMMONS

To the Prothonotary:

    Please file the attached writ of summons with respect to the above captioned matter.

KASHKASHIAN & ASSOCIATES

JOHN M. FRANKLIN, ESQUIRE
Attorney for Plaintiff

ERIC CARROLL, ESQUIRE
Attorney for Plaintiff

Case ID: 100504290

# EXHIBIT "B"

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE NOTICED ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIM IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY PLAINTIFF.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

COMMUNITY LEGAL SERVICES
1424 Locust Street
Philadelphia, Pennsylvania 19102
215-981-3700

LAWYER REFFERAL AND INFORMATION SERVICE
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
215-238-6333

## AVISO PARA DEFENDERSE

LE HAN DEMANDADO A USTED EN LA CORTE.  SE DESEA DEFENDERSE CONTRA LAS QUEJAS PERESENTADAS, ES ABSOLUT AMENTE NECESSARIO QUE USTED RESPONDA DENTRO DE 20 DIAS DESPUES DE SER SERVIDO CON ESTA DEMANDA Y AVISO. PARA DEFENDERSE ES NECESSARIO QUE USTED, O SU ABAGADO, REGISTRE CON LA CORTE EN FORMA ESCRITA, EL PUNTO DE VISTA DE USTED Y CUALQUIER OBJECCION CONTRA LAS QUEJAS EN ESTA DEMANDA.

RECUERDE: SI USTED NO REPONDE A ESTA DEMANDA, SE PUEDE PROSEQUIR CON EL PROCESO SIN SU PARTICIPACION, ENTONCES, LA COUTE PUEDE, SIN NOTIFICARIO, DECIDIR A FAVOR DEL DEMANDANTE Y REQUERIRA QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA.  POR RAXON DE ESA DECISION, ES POSSIBLE QUE USTED PUEDA PERDER DINERO, PROPIEDAD U OTROS DERECHOS IMPORTANTES.

LLEVE ESTA DEMANDA A UN ABAGADO IMMEDIATEAMENTE.

SI NO CONOCE A UN ABAGADO, LLAME AL "LAWYER REFERENCE SERVICE"  (SERVICIO DE REFERENCIA DE ABAGADOS), 215-238-6300

COMMUNITY LEGAL SERVICES, INC.
1424 Locust Street
Philadelphia, Pennsylvania 19102
215-981-3700

LAWYER REFFERAL SERVICE
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
215-238-6333

Case ID: 100504290

KASHKASHIAN & ASSOCIATES
JOHN M. FRANKLIN, ESQUIRE
ERIC CARROLL, ESQUIRE
Attorney I.D. No. 88996
Attorney I.D. No. 205959
10 Canal Street, Suite 204
Bristol, Pennsylvania 19007
Phone:        (215) 781-9500                    Attorney for Plaintiff
Facsimile:    (215) 781-6500
John.Franklin@verizon.net

| | | |
|---|---|---|
| ERIC BANKS | : | COURT OF COMMON PLEAS |
| Plaintiff | : | PHILADELPHIA COUNTY |
| | : | JUNE TERM, 2010 |
| v. | : | |
| COLOPLAST CORP. | : | NO. |
| Defendant | : | |

## COMPLAINT IN CIVIL ACTION

NOW COMES Plaintiff, Eric Banks, by and through his undersigned counsel, hereby files this Complaint in Civil Action for product liability and in support thereof avers as follows:

1.  Plaintiff is Eric Banks ("Eric"), an adult individual with an address of 959 Fillmore Street, Philadelphia, PA.

2.  Defendant is Coloplast Corp. ("Coloplast"), a corporation authorized to conduct business within the Commonwealth of Pennsylvania with an address for the conduct of business at 1601 West River Road North, Minneapolis MN 55411.

3.  Defendant is engaged in providing medical products to the general public.

4.  At all times material hereto, the Defendant was doing business in the Commonwealth of Pennsylvania and in the city of Philadelphia.

5.  In the early part of 2007, Mr. Eric Banks began treatment with his doctor for a disorder commonly known as erectile dysfunction.

6.  In December of 2007, and on the advice of his doctor, Eric Banks underwent surgery for the insertion of an inflatable penile prosthesis ("Prosthesis") at Albert Einstein Medical Center ("Einstein Hospital") located in Philadelphia, Pennsylvania.

7.  The Defendant was the manufacturer chosen to provide the Prosthesis.

Case ID: 100504290

8. Soon after the implantation of the Prosthesis, Mr. Banks began experiencing difficulty in deflating the Prosthesis.

9. Mr. Banks also began to experience various symptoms and illnesses relating to the inability to deflate the Prosthesis, including but not limited to, the lack of sexual activity, the inability to work and the inability to sit for a prolong period of time.

10. Plaintiff consulted with his doctor on numerous occasions related to the aforementioned physical ailments.

11. On September 1, 2008, and upon the advise of his doctor, Eric Banks was admitted to Einstein Hospital at which time he underwent surgery for the removal of the Prosthesis.

12. The Prosthesis was designed, manufactured, packaged, distributed and/or sold by the Defendant.

13. The Prosthesis was a hazard to human health and was at all times unfit for the purpose for which it was utilize.

## COUNT I: NEGLIGENCE

14. Plaintiff hereby incorporates the preceding paragraphs of his Complaint as though fully set forth at length herein.

15. The carelessness, negligence, and recklessness of the Defendant in designing, manufacturing, packaging, distributing, and/or selling the penile prosthesis implant includes, but is not limited to, the following:

(a) Failing to properly design the Prosthesis to ensure its durability and safety for its intended purpose;

(b) Failing to adequately evaluate and test the Prosthesis prior to, and after, its distribution to ensure its safety for human consumption;

(c) Failing to properly inspect the Prosthesis prior to placing it into the stream of commerce;

(d) Failing to utilize the required industry standard of care in designing, manufacturing

Case ID: 100504290

and/or selling the penile prosthesis implant.

(e) Negligently designing, manufacturing and selling the Prosthesis which was in a dangerous and defective condition;

(f) Failing to warn the healthcare profession and/or the general public of the risk(s) and/or danger(s) of implantation of the penile prosthesis in humans.

(g) Failing to warn the healthcare profession and/or the public of the known risk(s) and/or danger(s) of the implantation of the Prosthesis in humans once the risk(s) and/or danger(s) became known to the defendant.

16. As a direct and proximate result of the carelessness, negligence, and recklessness of the Defendant, Eric Banks has suffered, and will continue to suffer, from severe physical pain, mental anguish, and emotional distress.

17.    As a result of the injuries set forth above, Plaintiff has been required to undergo surgery for the removal of the Prosthesis and has incurred, and may continue to incur, medical expenses related to the removal of the Prosthesis.

18.    As a result of injuries set forth above, Plaintiff has suffered a loss of earnings and earning capacity.

19.    As a result of the injuries set forth above, Plaintiff has suffered a loss of ability to attend to his daily activities and underwent a loss of life's pleasures.

WHEREFORE, Plaintiff, Eric Banks, demands judgment against Defendant, Coloplast Corp., in an amount in excess of $50,000, together with costs and any other relief this Court deems appropriate.

## COUNT II: NEGLIGENCE PER SE

20.    Plaintiff hereby incorporates the preceding paragraphs of his Complaint as though fully set forth at length herein.

21.     In marketing and distributing the Prosthesis within the Commonwealth of Pennsylvania, the Defendant was negligent "per se" and violated the Pennsylvania Controlled Substances, Drug, Device and Cosmetic Act, 35 P.S. § 780-101, *et seq.*, in that:

(a) The Prosthesis was misbranded in violation of Section 780-108 and other sections of the Pennsylvania statutes because it was labeled in a false and misleading manner which failed to reveal to physicians or the user public the dangerous defect(s) and/or hazard(s) from use of the Prosthesis; and

(b) The Prosthesis violated the Pennsylvania statutes by false and misleading advertising concerning its efficacy, fitness, and safety.

22.     As a direct and proximate result of the carelessness, negligence, and recklessness of the Defendant, Eric Banks has suffered, and will continue to suffer, from severe physical pain, mental anguish, and emotional distress.

23.     As a result of the injuries set forth above, Plaintiff has been required to undergo surgery for the removal of the Prosthesis and has incurred, and may continue to incur, medical expenses related to the removal of the Prosthesis.

24.     As a result of injuries set forth above, Plaintiff has suffered a loss of earnings and earning capacity.

25.     As a result of the injuries set forth above, Plaintiff has suffered a loss of ability to attend to his daily activities and underwent a loss of life's pleasures.


        WHEREFORE, Plaintiff, Eric Banks, demands judgment against Defendant, Coloplast Corp., in an amount in excess of $50,000, together with costs and any other relief this Court deems appropriate.

## COUNT III: STRICT LIABILITY

26.     Plaintiff hereby incorporates the preceding paragraphs of his Complaint as though fully set forth at length herein.

Case ID: 100504290

27. The Prosthesis was sold in a defective, dangerous and/or hazardous condition due to the negligent packaging, design, manufacture, distribution and/or sale by the Defendant.

28. The Defendant is strictly liable to the Plaintiff because it designed, manufactured, distributed and/or sold the Prosthesis which was defective, dangerous and, hazardous.

29. The Prosthesis was unsafe and unfit for implantation into the human body.

30. The Prosthesis was used for the purpose, and in the manner, intended by the Defendant.

31. As a direct and proximate result of the carelessness, negligence, and recklessness of the Defendant, Eric Banks has suffered, and will continue to suffer, from severe physical pain, mental anguish, and emotional distress.

32.     As a result of the injuries set forth above, Plaintiff has suffered a loss of ability to attend to his daily activities and underwent a loss of life's pleasures.

33. Defendant is strictly liable for its conduct in selling the Prosthesis in a defective condition and placing it into the stream of commerce.

34. Defendant is strictly liable for its conduct in selling and placing the defective Prosthesis into the stream of commerce which was unfit for human consumption and unreasonably dangerous to human health.

WHEREFORE, Plaintiff, Eric Banks, demands judgment against Defendant, Coloplast Corp., in an amount in excess of $50,000, together with costs and any other relief this Court deems appropriate.

Respectfully submitted,

KASHKASHIAN & ASSOCIATES

JOHN M. FRANKLIN, ESQUIRE
ERIC CARROLL, ESQUIRE
Attorney for Plaintiff

Case ID: 100504290

## **Verification**

I, ___Eric Banks_____ on behalf of

_____N/A_____ verify that the statements made in the

__Complaint_____ are true and correct to the best of

my knowledge, information, belief.  I verify that I am authorized to make

this verification on behalf of _____N/A_____.  I understand

that false statements herein are made subject to the penalties of 18 P.A.C.S.

Section 4904 relating to unsworn falsification to authorities.

Date: ___6-4-10_____

# EXHIBIT "C"

KASHKASHIAN & ASSOCIATES
JOHN M. FRANKLIN, ESQUIRE
Attorney I.D. No. 88996
10 Canal Street, Suite 204
Bristol, Pennsylvania  19007
Phone:      (215) 781-9500                    Attorney for Plaintiff
Facsimile:   (215) 781-6500
John.Franklin@verizon.net



---

ERIC BANKS                              :        COURT OF COMMON PLEAS
           Plaintiff                    :        PHILADELPHIA COUNTY
                                        :        MAY TERM, 2010
v.                                      :
COLOPLAST CORP.                         :        NO. 4290
           Defendant                    :

## AMENDED COMPLAINT IN CIVIL ACTION

NOW COMES Plaintiff, Eric Banks, by and through his undersigned counsel, hereby files this Amended Complaint in Civil Action for product liability and in support thereof avers as follows:

1. Plaintiff is Eric Banks ("Eric"), an adult individual with an address of 959 Fillmore Street, Philadelphia, PA.

2. Defendant is Coloplast Corp. ("Coloplast"), a corporation authorized to conduct business within the Commonwealth of Pennsylvania with an address for the conduct of business at 1601 West River Road North, Minneapolis MN 55411.

3. Defendant is engaged in providing medical products to the general public.

4. At all times material hereto, the Defendant was doing business in the Commonwealth of Pennsylvania and in the city of Philadelphia.

5. In the early part of 2007, Mr. Eric Banks began treatment with his doctor for a disorder commonly known as erectile dysfunction.

6. In December of 2007, and on the advice of his doctor, Eric Banks underwent surgery for the insertion of an inflatable penile prosthesis ("Prosthesis") at Albert Einstein Medical Center ("Einstein Hospital") located in Philadelphia, Pennsylvania.

7. The Defendant was the manufacturer chosen to provide the Prosthesis.

8. Soon after the implantation of the Prosthesis, Mr. Banks began experiencing difficulty in deflating the Prosthesis.

Case ID: 100504290

9. Mr. Banks also began to experience various symptoms and illnesses relating to the inability to deflate the Prosthesis, including but not limited to, the lack of sexual activity, the inability to work and the inability to sit for a prolong period of time.

10. Plaintiff consulted with his doctor on numerous occasions related to the aforementioned physical ailments.

11. On September 1, 2008, and upon the advise of his doctor, Eric Banks was admitted to Einstein Hospital at which time he underwent surgery for the removal of the Prosthesis.

12. The Prosthesis was designed, manufactured, packaged, distributed and/or sold by the Defendant.

13. The Prosthesis was a hazard to human health and was at all times unfit for the purpose for which it was utilize.

## COUNT I: NEGLIGENCE

14. Plaintiff hereby incorporates the preceding paragraphs of his Complaint as though fully set forth at length herein.

15. The negligence of the Defendant in designing, manufacturing, packaging, distributing, and/or selling the penile prosthesis implant includes, but is not limited to, the following:

(a) Failing to properly design the Prosthesis to ensure its durability and safety for its intended purpose;

(b) Failing to adequately evaluate and test the Prosthesis prior to, and after, its distribution to ensure its safety for human consumption;

(c) Failing to properly inspect the Prosthesis prior to placing it into the stream of commerce;

(d) Failing to utilize the required industry standard of care in designing, manufacturing and/or selling the penile prosthesis implant.

(e) Negligently designing, manufacturing and selling the Prosthesis which was in a dangerous and defective condition;

Case ID: 100504290

(f) Failing to warn the healthcare profession and/or the general public of the risk(s) and/or danger(s) of implantation of the penile prosthesis in humans.

(g) Failing to warn the healthcare profession and/or the public of the known risk(s) and/or danger(s) of the implantation of the Prosthesis in humans once the risk(s) and/or danger(s) became known to the defendant.

16. As a direct and proximate result of the negligence of the Defendant, Eric Banks has suffered, and will continue to suffer, from severe physical pain, mental anguish, and emotional distress.

17. As a result of the injuries set forth above, Plaintiff has been required to undergo surgery for the removal of the Prosthesis and has incurred, and may continue to incur, medical expenses related to the removal of the Prosthesis.

18. As a result of injuries set forth above, Plaintiff has suffered a loss of earnings and earning capacity.

19. As a result of the injuries set forth above, Plaintiff has suffered a loss of ability to attend to his daily activities and underwent a loss of life's pleasures.

WHEREFORE, Plaintiff, Eric Banks, demands judgment against Defendant, Coloplast Corp., in an amount in excess of $50,000, together with costs and any other relief this Court deems appropriate.

## COUNT II: NEGLIGENCE PER SE

20. Plaintiff hereby incorporates the preceding paragraphs of his Complaint as though fully set forth at length herein.

21. In marketing and distributing the Prosthesis within the Commonwealth of Pennsylvania, the Defendant was negligent "per se" and violated the Pennsylvania Controlled Substances, Drug, Device and Cosmetic Act, 35 P.S. § 780-101, et seq., in that:

(a) The Prosthesis was misbranded in violation of Section 780-108 and other sections of the Pennsylvania statutes because it was labeled in a false and misleading manner which

Case ID: 100504292

failed to reveal to physicians or the user public the dangerous defect(s) and/or hazard(s) from use of the Prosthesis; and

(b) The Prosthesis violated the Pennsylvania statutes by false and misleading advertising concerning its efficacy, fitness, and safety.

22.     As a direct and proximate result of the negligence of the Defendant, Eric Banks has suffered, and will continue to suffer, from severe physical pain, mental anguish, and emotional distress.

23.     As a result of the injuries set forth above, Plaintiff has been required to undergo surgery for the removal of the Prosthesis and has incurred, and may continue to incur, medical expenses related to the removal of the Prosthesis.

24.     As a result of injuries set forth above, Plaintiff has suffered a loss of earnings and earning capacity.

25.     As a result of the injuries set forth above, Plaintiff has suffered a loss of ability to attend to his daily activities and underwent a loss of life's pleasures.

WHEREFORE, Plaintiff, Eric Banks, demands judgment against Defendant, Coloplast Corp., in an amount in excess of $50,000, together with costs and any other relief this Court deems appropriate.

## COUNT III: STRICT LIABILITY

26.     Plaintiff hereby incorporates the preceding paragraphs of his Complaint as though fully set forth at length herein.

27. The Prosthesis was sold in a defective, dangerous and/or hazardous condition due to the negligent packaging, design, manufacture, distribution and/or sale by the Defendant.

28. The Defendant is strictly liable to the Plaintiff because it designed, manufactured, distributed and/or sold the Prosthesis which was defective, dangerous and, hazardous.

29. The Prosthesis was unsafe and unfit for implantation into the human body.

30. The Prosthesis was used for the purpose, and in the manner, intended by the Defendant.

Case ID: 100504290

31. As a direct and proximate result of the negligence of the Defendant, Eric Banks has suffered, and will continue to suffer, from severe physical pain, mental anguish, and emotional distress.

32.    As a result of the injuries set forth above, Plaintiff has suffered a loss of ability to attend to his daily activities and underwent a loss of life's pleasures.

33. Defendant is strictly liable for its conduct in selling the Prosthesis in a defective condition and placing it into the stream of commerce.

34. Defendant is strictly liable for its conduct in selling and placing the defective Prosthesis into the stream of commerce which was unfit for human consumption and unreasonably dangerous to human health.

WHEREFORE, Plaintiff, Eric Banks, demands judgment against Defendant, Coloplast Corp., in an amount in excess of $50,000, together with costs and any other relief this Court deems appropriate.

Respectfully submitted,

KASHKASHIAN & ASSOCIATES


JOHN M. FRANKLIN, ESQUIRE
Attorney for Plaintiff

Case ID: 100504290

## VERIFICATION

     I JOHN M. FRANKLIN, ESQUIRE, attorney for the Plaintiff, verify that the statements made in the foregoing Complaint in Civil Action are true and correct.  I understand that false statements made herein are subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated: 8/23/10                                         
                                        JOHN M. FRANKLIN, ESQUIRE
                                        Attorney for the Plaintiff

Case ID: 100504290

# EXHIBIT "D"

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

Eric Banks

v.

Coloplast Corp.

:
:
:
:
:
:

June Term, 2010

No. 4290

# CASE MANAGEMENT CONFERENCE MEMORANDUM

Filing party: Eric Banks      By: John M. Franklin     , Esq.

Counsel's address and telephone number (**IMPORTANT**) The Canal Works

10 Canal Street, Suite 204

Bristol, PA 19007

215-781-9500

## Part A
### (to be completed in personal injury cases)

1. Date of accident or occurrence: _____

   1(a).  Age of Plaintiff(s): _____

2. Most serious injuries sustained: _____

_____

_____

3. Is there any permanent injury claimed? ☐ Yes    ☐ No

   If yes, indicate the type of permanent injury: _____

_____

_____

4. Dates of medical treatment: _____

5. Is medical treatment continuing? ☐ Yes    ☐ No

6. Has there been an inpatient hospitalization? ☐ Yes    ☐ No

***This form shall be presented to the Case Manager and copies served upon all parties at the Case Management Conference by counsel prepared to discuss its contents.***

01-105 (Rev. 10/99) (1)     950K.    will step under 75K

# Part B

### *(to be completed in all cases other than personal injury)*

1. Date of contract of transaction: <u>8-1-2008 - date of incident</u>

2. Is there a writing?                                               ☐ Yes   ☑ No

   If yes, is there an allegation that the writing does
   not contain the entire agreement of the parties?                  ☐ Yes   ☑ No

3. Is the Uniform Commercial Code applicable to this case?           ☐ Yes   ☑ No

4. Describe the nature of the conduct alleged as giving rise to the cause of action:

   Plaintiff experienced erectile dysfunction and underwent a penile implant procedure.  The implant was designed and

   produced by the Defendant.   The penile implant was defective and Plaintiff underwent another procedure to remove and

   replace said implant.

5. State the amount of damages claimed by Plaintiff:

   (a)   Direct _____

   (b)   Consequential _____

   (c)   Other (specify) <u>Pain and suffering</u>

6. Defense position as to alleged nature of conduct giving rise to cause of action and any counterclaim:

7. If there is a counterclaim, state the amount of damages sought:

   (a)   Direct _____

   (b)   Consequential _____

   (c)   Other (specify) _____

8. Identify all applicable insurance coverage:

| *Defendant* | *Insurance Carrier* | *Coverage Limits* |
|---|---|---|
| | | |
| | | |

9. Demand: $ <u>100,000</u>                    Offer: $_____

01-105 (Rev. 10/99) (3)

# EXHIBIT "E"

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Independence Square West, The Curtis Center, Suite 1130 East, Philadelphia, Pennsylvania 19106-3308
Tel: (215) 627-6900   Fax: (215) 627-2665

*Albany ● Baltimore ● Boston ● Chicago ● Dallas ● Garden City ● Houston ● Las Vegas ● London ● Los Angeles ● McLean*
*Miami ● Newark ● New York ● Orlando ● Philadelphia ● San Diego ● San Francisco ● Stamford ● Washington, DC ● White Plains*
*Affiliates: Berlin ● Cologne ● Frankfurt ● Mexico City ● Munich ● Paris*
———

www.wilsonelser.com

| | |
|---|---|
| KENNETH SCOTT * | JOSEPH ACQUAVIVA ** |
| JONATHAN DRYER | MARIA BERMUDEZ ** |
| LOUIS J. ISAACSOHN ++ | BRIAN F. BREEN ** ^^ |
| KATHLEEN D. WILKINSON ** | LANE E. BRODY ** |
| KEVIN T. KAVANAGH ** | KRISTI A. BUCHHOLZ ** |
| MICHAEL CAWLEY | HENRY F. CANELO |
| M. DOUGLAS EISLER + | DANIEL A. CUTLER ** |
| ROCHELLE M. FEDULLO | JOSEPH J. FANTINI ** |
| MICHAEL S. TAKACS ** | JEFFREY L. OSTER ** |
| WENDY TESTA ** | MARIA G. PERRI ** |
| WALTER S. JENKINS | ERIN M. SICILIANO ** |
| SALVATORE A. CLEMENTE ** | MELISSA A. SMITH * |
| JOSHUA BACHRACH ** | ENRICO C. TUFANO ** |
| KATHIE D. KING ** ~ | |
| ROBERT E. KELLY * | |

OF COUNSEL

| | |
|---|---|
| WILLIAM J. TAYLOR, JR. | * ALSO ADMITTED IN NY |
| ADRIAN J. GORDON | + ALSO ADMITTED IN NC |
| MEGAN N. HARPER ± | ++ ALSO ADMITTED IN MD |
| | ^^ ALSO ADMITTED IN MA |
| | ** ALSO ADMITTED IN NJ |
| | ± ALSO ADMITTED IN DE |
| | ~ ALSO ADMITTED IN FL |
| | * ADMITTED ONLY IN NY |

September 7, 2010

**VIA TELECOPY**

John M. Franklin, Esquire
10 Canal Street, Suite 204
Bristol, PA  19007

     Re:    Eric Banks v. Coloplast Corp.
               <u>CCP, Philadelphia, May Term, 2010, No. 4290</u>

Dear Mr. Franklin:

        Confirming our conversation at the Case Management Conference in this matter, I am enclosing a stipulation for your signature that establishes that the amount in controversy in this matter does not exceed the threshold for federal court jurisdiction.  Based on your indicated willingness to sign this stipulation, I have refrained from filing a notice of removal.  Kindly sign and return fax the stipulation to me, and I will file it of record with the court.

        Thank you for your anticipated cooperation.

                        Very truly yours,

                        WILSON, ELSER, MOSKOWITZ,
                        EDELMAN & DICKER LLP

                        Jonathan Dryer

Enclosure

444893.1

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
By: Jonathan Dryer, Esquire                    Attorneys for Defendant
Pa. Attorney I.D. Nos. 34496                   Coloplast Corp.
The Curtis Center • Suite 1130 East
Independence Square West
Philadelphia, PA  19106
(215) 627-6900

| | | |
|---|---|---|
| ERIC BANKS | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | MAY TERM, 2010 |
| COLOPLAST CORP. | : | |
| Defendant | : | NO. 4290 |

## STIPULATION

And now, this      day of September, 2010, it is hereby agreed by and between John M.

Franklin, Esquire (counsel for plaintiff Eric Banks) and Jonathan Dryer, Esquire (counsel for

defendant Coloplast Corp.) that the damages recoverable in this action do not exceed $75,000

(exclusive of interest and costs).

KASHKASHIAN & ASSOCIATES                    WILSON, ELSER, MOSKOWITZ,
                                            EDELMAN & DICKER LLP


_____                     _____
John M. Franklin, Esquire                   Jonathan Dryer, Esquire
Pa. Attorney ID No. 88996                   Pa. Attorney ID No. 34496
10 Canal Street                             The Curtis Center, Suite 1130E
Bristol, PA 19007                           Philadelphia, PA 19106

APPROVED:


_____
                                J.

444634.1

# EXHIBIT "F"

SEP-14-2010 12:51 From:                                    To:2156272665                    P.1

# KASHKASHIAN & ASSOCIATES

### Attorneys at Law
### 10 Canal Street, Suite 204
### Bristol, PA 19007

**Phone (215) 781-9500**
**Facsimile (215) 781-6500**

Document to: _Jonathan Dwyer, Esq_

Fax Number: _215 627 2665_

From: _John M. Franklin, Esq_

Date: _9/14/10_

Secretary: _____

No. of Pages (including cover sheet): _____
If you do not receive all the pages, please call (215) 781-9500

Notes: _____

_____    _____

_____ Confidential                    _____ Hard Copy to Follow

_____ Urgent                          _____ Hard Copy not to Follow

This information contained in this facsimile is attorney –client information and intended only for Personal and Confidential use of the designated recipients named above.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR THATN ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL.

SEP-14-2010 12:52 From:                          To:2156272665                    P.2

# *Kashkashian & Associates*

## *Attorneys at Law*

Canal Works
10 Canal Street
Suite 204
Bristol, PA 19007

Phone: (215) 781-9500
Fax: (215) 781-6500
kashlaw@aol.com

September 13, 2010

Via Facsimile (215) 627-2665 and Regular Mail

Jonathan Dryer, Esqiure
Wilson Elser Moskowitz Edelman & Dicker
Independence Square West
The Curtis Center, Suite 1130 East
Philadelphia, PA 19106

    **RE: Eric Banks vs. Coloplast Corp.**
        **CCP, Philadelphia, May Term, 2010, No. 4290**

Dear Mr. Dryer,

    Please be advised we do not wish to execute the stipulation forwarded to us by your office.

Sincerely,

JOHN M. FRANKLIN, ESQUIRE

JMF/lm